# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cr-00325-GKF-4 |
| | ) |
| GERARDO ESCOBEDO-CORONADO, | ) |
| a/k/a "Pelon," | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is the Government's motion to allow it to retain custody of property for possible forfeiture in a criminal case.[1]  The Government originally obtained the property through a process that did not require it to show probable cause the property was subject to forfeiture.  The Court rejects the Government's original argument that no such showing was necessary but, nevertheless, finds the Government met its burden of showing probable cause in this case.  The Government's motion will be granted.

## **Background**

On November 2, 2021, the Government filed a superseding indictment in this case, naming Gerardo Escobedo-Coronado as a defendant in five counts.  (ECF No. 59.)  Count One of the indictment charges that, from February to July 2021, Defendant and others conspired to distribute, and to possess with intent to distribute, 500 grams or more of mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846.  The other counts against Mr. Escobedo-Coronado charge him

---

[1] The motion has been referred to the undersigned, and the parties agreed at hearing that a magistrate judge may resolve this pretrial motion by order under 28 U.S.C. § 636(b)(1)(A).

with use of a communication facility in committing, causing, or facilitating a drug trafficking felony, in violation of 21 U.S.C. § 843(b), (d)(1). The dates of Mr. Escobedo-Coronado's communications are in March and May 2021. The indictment also includes a forfeiture allegation against Mr. Escobedo-Coronado and other defendants, seeking any property traceable to proceeds of the charged violations or that was used to commit or facilitate the violation of federal law.

A week after the filing of the superseding indictment, agents from the Drug Enforcement Administration ("DEA") seized a 2018 Kia Stinger as potential evidence in a drug trafficking investigation. Later, the DEA began administrative forfeiture proceedings under 18 U.S.C. § 983(a)(1), which simply means in this case that the Government sent out a written notice to interested parties. On January 14, 2022, Mr. Escobedo-Coronado filed a claim contesting the administrative forfeiture of the Kia. *See id*. § 983(a)(2). At that point, the Government had three options: (1) file a complaint for forfeiture; (2) obtain a criminal indictment containing an allegation that the property is subject to forfeiture <u>and</u> take the steps necessary to preserve the Government's right to maintain custody of the property as provided in the applicable criminal statute; or (3) release the property. *Id*. § 983(a)(3)(A)-(C).

The Government chose the second option. An indictment had already been filed containing a forfeiture allegation against Mr. Escobedo-Coronado, and, on February 17, 2022, the Government filed a bill of particulars providing notice that it considered the Kia to be subject to forfeiture. (ECF No. 232.) The Government then filed the instant motion, asking the Court to take "any other action to preserve the availability of property" subject to criminal forfeiture under 21 U.S.C. § 853(a). *See* 21 U.S.C. § 853(e)(1). The Government's motion did not contain any evidence to show probable cause that the Kia

was subject to criminal forfeiture under § 853.  Defendant filed a response in opposition to the motion, asserting that—under Supreme Court precedent—pretrial restraints on forfeitable property are permitted only when the Government shows that (1) the defendant has committed an offense triggering forfeiture; and (2) the property at issue has the requisite connection to the crime.  (ECF No. 240.)  On reply, the Government argued that, as it already had possession of the property, the § 853(e) order was only a "housekeeping order" and no further showing was necessary.  (ECF No. 248.)

The Court held a hearing on the Government's motion on March 14 and 17, 2022.  The Court finds—as the Government conceded at hearing—that a showing of probable cause is required, but the Government has met that burden.

## Analysis

I. **The Government must show probable cause to believe the property is subject to criminal forfeiture.**

The laws cited by the Government do not authorize it to obtain property for one purpose and, then, after that purpose has ended, keep the property for another purpose without ever having shown probable cause.  As noted above, the Government initially seized the Kia pursuant to a search warrant.  At the hearing, the Government acknowledged that this seizure did not constitute probable cause to believe the Kia was subject to criminal forfeiture under 21 U.S.C. § 853.  After seizure, to commence the administrative forfeiture process, the Government simply issued a written notice.  Once Mr. Escobedo-Coronado objected, the Government is perfectly correct that it was allowed to abandon the administrative forfeiture process and, instead, commence criminal forfeiture proceedings.  But where, as here, "criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued

possession of the property <u>shall be governed by</u> the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(C) (emphasis added). And, the Government can avoid releasing the property only if it takes "the steps necessary to preserve its right to maintain custody of the property <u>as provided in</u> the applicable criminal forfeiture statute . . . ." *Id.* § 983(a)(3)(B)(ii)(II) (emphasis added).

Here, the applicable criminal forfeiture statute is 21 U.S.C. § 853. Under that statute, upon the application of the United States, the Court may enter a restraining order or injunction, require a performance bond, <u>or</u> take <u>any other action</u> to preserve the availability of forfeitable property. 21 U.S.C. § 853(e)(1) (referring to these under the heading "Protective Orders"). As applicable to this case, the Government may make such a motion upon (1) the filing of an indictment charging a violation of one of the statutes located in 21 U.S.C. §§ 801-904 or §§ 951-971 for which criminal forfeiture may be ordered;[2] and (2) "alleging that the property . . . would, in the event of conviction, be subject to forfeiture" under the statute. *Id.* § 853(e)(1)(A). For purposes of this case, to qualify as property subject to forfeiture by Mr. Escobedo-Coronado, the Kia would have to be

> (1) any property constituting, or derived from, any proceeds [he] obtained, directly or indirectly, as the result of such violation; [or]
>
> (2) any of [his] property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . .

*Id.* § 853(a). The Supreme Court has ruled that, even prior to conviction, the Government may constitutionally use § 853(e) "to freeze assets of an indicted defendant 'based on a

---

[2] Here, Mr. Escobedo-Coronado has been indicted and charged under 21 U.S.C. § 846 with a conspiracy to violate § 841(a)(1) and (b)(1)(A)(viii), which carries a penalty of 10 years to life imprisonment and would qualify as a crime for which criminal forfeiture may be ordered.

finding of probable cause to believe that the property will ultimately be proved forfeitable.'" *Kaley v. United States*, 571 U.S. 320, 327 (2014) (quoting *United States v. Monsanto,* 491 U.S. 600, 615 (1989)). As noted by Defendant, this generally requires two findings—first, that the defendant committed an offense triggering forfeiture and, second, that the property at issue has the requisite connection to that crime. *Honeycutt v. United States,* 137 S. Ct. 1626, 1633 (2017). In this case, the first requirement is easily satisfied, as the Government obtained an indictment against Mr. Escobedo-Coronado—that is all that is required to show probable cause as to the offense. *Kaley*, 571 U.S. at 340-41.

That leaves the second requirement—that the property, the Kia, is subject to forfeiture. As a preliminary matter, the Court rejects the Government's original contention that what it is requesting is merely a "housekeeping order" requiring no showing other than the mere fact that the Government currently possesses the property and previously issued a notice in a now abandoned administrative forfeiture proceeding. There is nothing in the structure of the statute that distinguishes between restraining orders and other protective orders under § 853(e)(1), and there is nothing logically distinguishable between issuing an order to freeze a defendant's assets in his possession versus in the possession of another. "The government's switch from civil forfeiture to criminal forfeiture in this case does not immunize it from having to demonstrate probable cause." *United States v. Cosme*, 796 F.3d 226, 234 (2nd Cir. 2015) (addressing situation where property was seized without a warrant).[3] In some cases, probable cause for finding

---

[3] The Court rejects the contrary holding of *United States v. Zazueta-Hernandez,* No. 1:19-CR-130, 2020 WL 5016940, at *4 (S.D. Ohio Aug. 25, 2020). The other cases cited in the Government's reply do not support this Court reaching a different result. *See United States v. Jones,* No. 20-CR-151-JPS, 2020 WL 7643478, at *1 (E.D. Wis. Dec. 22, 2020) (not discussing probable cause but finding asset may be subject to criminal forfeiture); *United States v. Abrahams,* No. 12-CR-0639-JFM, 2013 WL 285719, at *2 (D. Md. Jan.

the property forfeitable may already have taken place, such as if the grand jury had made a finding of the requisite nexus between the specific property and the indicted offense. The Government, however, conceded at hearing that no such finding had been made as to the Kia. Therefore, the Court must find probable cause to believe the Kia is derived from the proceeds of, or used in the commission of, the alleged offense.

## II. The Government has met its burden of showing probable cause here.

At the second hearing, the parties agreed to proceed by proffer. *See also* 21 U.S.C. § 853(e)(3) ("The court may receive and consider . . . evidence and information that would be inadmissible under the Federal Rules of Evidence."). Defendant proffered that he was the proprietor of a duly registered Oklahoma business through which he generated significant income that accounted for his ability to purchase the Kia. The Government conceded that it lacked probable cause to believe the Kia was derived from proceeds of the alleged violation. However, the Government proffered testimony that, on June 14, 2021, a co-conspirator contacted Mr. Escobedo-Coronado to arrange a delivery of methamphetamine, after which Mr. Escobedo-Coronado arrived at a Mr. Taco restaurant to deliver the methamphetamine in the Kia. As the Supreme Court stated in *Kaley*, probable cause is not a high bar. Kaley, 571 U.S. at 338 (noting probable cause requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act). The Indictment charges that Defendant was part of a conspiracy to distribute, and possess with intent to distribute, methamphetamine from February

---

24, 2013) (granting order without discussing probable cause); *United States v. Scarmazzo,* No. 1:06-CR-00342-AWI, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007) (same). These orders also precede *Kaley* and *Honeycutt* and, to the extent they can be read as allowing a "housekeeping" order in a case where probable cause was never shown, they are also rejected.

through July 2021. The Government's proffer would lead a reasonable and prudent non-lawyer to believe that the Kia was "used . . . to commit, or to facilitate the commission of" this conspiracy. 21 U.S.C. § 853(a)(2). The Government has shown probable cause to believe the property at issue has the requisite connection to the charged offense and is subject to forfeiture.

## Conclusion

IT IS THEREFORE ORDERED that the United States' Motion to Maintain Custody of Seized Property (ECF No. 233) is GRANTED. The United States may maintain custody of the vehicle identified in the Bill of Particulars for Forfeiture of Property (ECF No. 232) pending conclusion of this case and related forfeiture proceedings, including any ancillary proceedings in which any third party with an interest in the property may file a claim contesting its forfeiture under 21 U.S.C. § 853(n). This Order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

ORDERED this 23rd day of March, 2022.

_____
**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**